IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIS WALKER, | : | |
| | : | 1:12-cv-1103 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN RECKTENWALD, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### December 3, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 8), filed on October 2, 2012, which recommends that we dismiss Petitioner Ellis Walker's ("Petitioner" or "Walker") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. Petitioner filed objections to the R&R on November 26, 2012. (Doc. 12). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, dismiss the petition for lack of jurisdiction, and close this case.

**I.     PROCEDURAL/FACTUAL BACKGROUND**

Within the Petition, Walker indicates that he is presently serving a federal sentence, imposed by the United States District Court for the Southern District of Indiana, following his conviction after trial by jury to conspiracy to possess with intent to distribute and distribution of cocaine, pursuant to 21 U.S.C. §§ 841(a)(1) 846. On December 15, 1999, Walker was sentenced to three hundred and twenty seven (327) months incarceration. Petitioner is currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania.

Petitioner filed a direct appeal of his judgment of conviction with the Court of Appeals for the Seventh Circuit, which was denied on April 9, 2002. Petitioner's subsequent petition for writ of *certiorari* with the United States Supreme Court was also denied. Thereafter, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court, which was denied on April 15, 2005. Petitioner later filed a motion with the Seventh Circuit to file a second or successive §2255 motion, which was denied in 2010.

Within the instant Petition, Walker contends that this Court should vacate his 327-month sentence because he was convicted of and sentenced on a drug type and drug amounts that were not charged in his indictment and which were not proven beyond a reasonable doubt to the jury. Petitioner states that the sentencing

2

court improperly determined his drug type and amounts for sentencing and that this caused him to receive a much harsher sentence than what he should have received if the drug type and amounts were proven at trial. As relief, Petitioner requests that we grant his habeas petition, vacate his conviction and sentence and order his immediate release from confinement.[1] Named as the Respondent in this habeas petition is Warden Recktenwald, the current warden of FCI-Allenwood.

As noted above, on October 2, 2012, Magistrate Judge Blewitt issued a R&R reviewing Walker's §2241 Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to §2241 petitions under Rule 1(b)). Specifically, the Magistrate Judge recommends that we dismiss Walker's Petition for lack of jurisdiction because the §2255 remedy is adequate for testing a claim that the quantity of drugs involved in Walker's case was not submitted to the jury and proven beyond a reasonable doubt. As noted above, Walker has submitted objections to Magistrate Judge Blewitt's R&R.

## II.   STANDARD OF REVIEW

---

[1] Petitioner also has filed a Motion seeking "Emergency Release from Confinement" with exhibits attached. (Doc. 3).

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

Magistrate Judge Blewitt recommends dismissal of Walker's Petition for lack of jurisdiction because it should have been brought as a §2255 motion to test the legality of Petitioner's conviction or sentence in the sentencing court – the Southern District of Indiana. As properly explained by Magistrate Judge Blewitt, the only way a petitioner may bring a §2241 petition in the place of a §2255 motion is by demonstrating that the remedy afforded by a §2255 motion is inadequate or ineffective to test the legality of his detention. *See Application of Galante*, 437 F.

2d 1164, 1165-66 (3d Cir. 1971); *Millan-Diaz v. Parker*, 444 F. 2d 95, 97 (3d Cir. 1971); *United States ex rel. Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954). To demonstrate that a §2255 motion is "inadequate or ineffective," a petitioner must show that "some limitation of scope or procedure would prevent a §2255 proceeding form affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante,* 437 F. 2d at 1165. Moreover, it is the petitioner's burden to demonstrate inadequacy or ineffectiveness, and to be sure, it is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Id.*; *Cagle v. Ciccone*, 368 F. 2d 183, 184 (8th Cir. 1966); *Garris v. Lindsay*, 794 F. 2d 722, 727 (D.C. Cir. 1986). Moreover, §2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. Untied States ex rel. Miner*, 290 F. 3d 536, 539 (3d Cir. 2002).

     Magistrate Judge Blewitt concludes that Plaintiff has made no showing that would entitle him to proceed under §2241 instead of §2255. Walker's claim of innocence amounts only to an assertion that his sentence was improperly calculated. This type of sentencing claim does not fall within the purview of the savings clause of §2241. *See Okereke v. United States*, 307 F. 3d 117, 120 (3d Cir. 2002).

Furthermore, this is not a situation covered by *In re Dorsainvil*, 119 F. 3d 245, 251 (3d Cir. 1997), wherein the petitioner was being detained for conduct that was subsequently rendered non-criminal by an intervening Supreme Court decision and where he had no prior opportunity to present his claim.[2] Thus, it is evident that this Court lacks jurisdiction to hear Walker's claims, which must be raised in a §2255 motion with the Southern District of Indiana.[3]

Plaintiff's objections to the R&R do not change our determination that Magistrate Judge Blewitt has come to the correct conclusion concerning the petition. Petitioner simply reiterates his position that *DePierre* renders his conduct non-criminal and expresses his disagreement with the Magistrate Judge's determination that this Court lacks jurisdiction to hear the petition. Accordingly, we shall overrule the objections.

---

[2] Walker repeatedly cites to *DePierre v. United States*, 131 S. Ct. 2225 (2011) as the basis for his claim. In *DePierre*, the United States Supreme Court considered whether the term "cocaine base" as used in 21 U.S.C. § 841(a) refers to cocaine in its chemically basic form or exclusively to what is colloquially known as "crack cocaine." The Supreme Court concluded that the "cocaine base" means not just "crack cocaine," but also cocaine in its chemically basic form. The holding of *DePierre*, in our view, has absolutely no bearing on the Petitioner's conviction or sentence, and in no way renders Walker's conduct non-criminal. The claim raised by Walker in the instant Petition pertains to sufficiency of the evidence, specifically whether the drug type and amount should have been determined by the jury. This type of sentencing claim is properly brought pursuant to §2255, not §2241.

[3] To be sure, simply because Walker has previously attempted to utilize §2255 to attack his conviction and sentence with the Southern District of Indiana and simply because the Seventh Circuit denied Petitioner's previous attempt to file a second or successive §2255 motion, Walker has not established that §2255 is inadequate or ineffective to test his claims. *Cradle,* 290 F. 3d at 538; *Okereke*, 307 F. 3d at 120.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Petitioner's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.